UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>        *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528,<br><br>and<br><br>U.S. IMMIGRATION<br>AND CUSTOMS ENFORCEMENT,<br>500 12th Street SW<br>Washington, DC 20536<br><br>        *Defendants*. | Case No. 20-cv-1716 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Homeland Security and its component agency, U.S. Immigration and Customs Enforcement, under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i), and is now entitled to judicial action enjoining the agencies from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of such information, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Homeland Security ("DHS") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that American Oversight seeks.

7. Defendant U.S. Immigration and Customs Enforcement ("ICE") is a component of DHS—an agency of the U.S. government within the meaning of 5 U.S.C. § 552(f)(1)—and is

headquartered in Washington, DC. ICE has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

8. On March 24, 2020, American Oversight submitted a FOIA request to ICE seeking memoranda regarding enforcement of the Trump administration's zero tolerance family separation policy.

9. Specifically, American Oversight's FOIA request sought the following records:

> Any documents gathered in response to a request made to Chief of Staff Thomas Blank on or around January 30, 2019, for "any ICE Policy Memo's addressing enforcement, zero tolerance or family separation - from 2017 forward," as reflected in ICE records previously released to American Oversight. . . .
>
> American Oversight believes that your agency is best positioned to determine where responsive records may reside. However, we request that you search, at a minimum, records maintained by:
>
> 1. Thomas Blank, then Chief of Staff
> 2. Debbie Seguin, then Assistant Director for the Office of Policy
> 3. Any individual assisting the Office of Legislative Affairs in preparing for Congressional hearings, as described in Exhibit A

10. American Oversight attached to its request as Exhibit A an email chain released by ICE in response to a prior FOIA request. The email chain included the language quoted in American Oversight's March 24, 2020 request and further noted, "I am assisting OLA in hearing prep and pulling together all relevant docs to support the boss."

11. On March 25, 2020, ICE acknowledged receipt of American Oversight's FOIA request and assigned it tracking number 2020-ICFO-29484.

12. American Oversight has not received any further communication from ICE regarding the request.

*Exhaustion of Administrative Remedies*

13. As of the date of this Complaint, Defendants have failed to (a) notify American

Oversight of a final determination regarding American Oversight's FOIA request, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

14. Through Defendants' failure to make determinations as to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

15. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

16. Plaintiff properly requested records within the possession, custody, and control of Defendants.

17. Defendants are agencies subject to FOIA and therefore must make reasonable efforts to search for requested records.

18. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA request.

19. Defendants' failure to conduct adequate searches for responsive records violates FOIA and applicable regulations.

20. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

21. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

22. Plaintiff properly requested records within the possession, custody, and control of Defendants.

23. Defendants are agencies subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

24. Defendants are wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA request.

25. Defendants are wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to its FOIA request.

26. Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

27. Plaintiff is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA request;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(4) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 24, 2020

Respectfully submitted,

*/s/ Hart W. Wood*
Hart W. Wood
D.C. Bar No. 1034361
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1743
hart.wood@americanoversight.org

*Counsel for Plaintiff*